UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ALAN T. RASOF, individually,        Case No.

  Plaintiff

v.

FELIX LYUBOVNY, individually,

  Defendant.

_____/

## COMPLAINT FOR DAMAGES, ACCOUNTING AND OTHER RELIEF

**COMES NOW,** Alan Rasof, individually, Plaintiff ("Alan"), by and through undersigned counsel and sues Felix Lyubovny, individually, Defendant (Lyubovny), and further states:

### ALLEGATIONS COMMON TO ALL COUNTS

#### A. The Parties, Jurisdiction, and Venue

1. <u>Alan</u>: Alan is an individual, a citizen of Florida, and *sui juris*.

2. <u>Lyubovny</u>: Lyubovny is an individual, a citizen of California, and *sui juris*.

3. <u>Diversity Jurisdiction</u>: Jurisdiction is properly in this Court pursuant to 28 U.S.C. §1332 as the parties are citizens of different states and the amount in controversy is greater than $75,000.00.

4. <u>Venue</u>: Venue is proper pursuant to 28 U.S.C. §1391(b)(2) as a substantial part of the events or omissions giving rise the claims herein occurred herein. As set forth below, Lyubovny solicited Alan in Florida, made representations to him in Florida, and committed tortious acts in Florida.

5. <u>Attorneys Fees</u>: In applying Florida law in this diversity proceeding, Alan is entitled to his reasonable attorneys' fees incurred herein under the wrongful act doctrine.

*Rasof v. Lyubovny*
Complaint

### B. Alan's Investment with Lyubovny

6. <u>The California Cannabis Opportunity</u>: Lyubovny represented to Alan that he had an investment opportunity in a California Cannabis Grow facility. In a series of communications to Alan and his counsel, Lyubovny represented he needed the funds for various aspects of starting the business, including obtaining a license and for start-up expenses and equipment (ultimately represented to have been purchased), and provided investment and income projections. Lyubovny represented to Alan that in exchange for the funds, Alan would receive fifty percent (50%) of the net profits.

7. <u>Alan Relied Upon Lyubovny's Representations</u>: Alan accepted Lyubovny's representations as true and relied upon those representations in making his decision to send funds to Lyubovny.

8. <u>Alan Funds California Grow Opportunity</u>: In reliance of those representations, Alan sent a series of wire transfers, from him, his business, and his daughter *directly to Lyubovny* and his purported vendors totaling $300,068.00 ("Alan's Funds")

9. <u>No Delivery of Proof of Investment</u>: Lyubovny never documented Alan's Funds in the California Cannabis Grow facility, nor did he ever confirm transfer of the funds from his personal account to any business account.

10. <u>Representations False</u>: Lyubovny's representations as to the California Cannabis Grow facility were false. The project never materialized.

11. <u>Demands for Information Un-Responded To</u>: First individually, then through legal counsel, Alan sought an accounting of Lyubovny's use of Alan's Funds and the status of the California Cannabis Grow facility. Those inquiries were ignored.

12.     <u>Demand for Return of Funds</u>: First individually, then through legal counsel, Alan demanded return of Alan's Funds. Those demands were ignored.

## Count I: Common Law Claim for Assumpsit for Money Had and Received

Alan adopts and realleges paragraphs 1-12, and further states:

13.     <u>Funds Wired for an Investment Never Delivered</u>: Alan wired $300,068.00 directly to Lyubovny for an investment in the California Cannabis Grow facility. Lyubovny never invested Alan's Funds, delivered any documentation of Alan's Funds, nor has he provided an accounting for Alan's Funds use, and continues to wrongfully retain Alan's Funds today.

Wherefore, Alan demands judgment against Lyubovny for $300,068.00, together with prejudgment interest, attorneys' fees, court costs and all further such relief as this Court deems appropriate.

## Count II: Accounting

Alan adopts and realleges paragraphs 1-12, and further states:

14.     <u>Lyubovny in Position of Trust</u>: Alan placed Lyubovny in a position of trust, relying upon his representations concerning the California Cannabis Grow facility, his promises to invest Alan's Funds into the business, and his promises to provide a license and profit distributions due to Alan's Funds.

15.     <u>No Accounting Ever Provided</u>: Despite repeated requests and demands, Lyubovny never provided an accounting of how Alan's funds.

Wherefore, Alan demands a judgment compelling Lyubovny to provide an accounting of Alan's Funds, together with attorneys' fees, court costs and all further such relief as this Court deems appropriate.

*Rasof v. Lyubovny*
Complaint

Dated May 16, 2022.

/s/ Keith T. Grumer, Esq.
KEITH T. GRUMER, ESQ.
Florida Bar No. 504416
GRUMER LAW, P.A.
*Attorneys for Plaintiff*
2482 Eagle Watch Court
Weston, Florida 33327
Tel: 954-303-3000
Primary E-mail: kgrumer@grumerlaw.com
Secondary E-mail: slopez@grumerlaw.com
eservice@grumerlaw.com